[No. 23714. Department One. July 26, 1932.]

J. A. LA POINT, *Appellant*, v. PACIFIC COAST STRAPPERS, INC., *Respondent*.[1]

*Vanderveer & Bassett,* for appellant.
*John W. Heal, Jr.,* for respondent.

MITCHELL, J.—J. A. La Point brought this action against his employer, Pacific Coast Strappers, Inc., a corporation, to recover for personal injuries sustained in the course of his employment. Confessedly, the plaintiff is not entitled to maintain the action unless

[1]Reported in 13 P. (2d) 71.

at the time he was injured he was engaged in an extra-hazardous occupation.

The complaint is grounded on the workmen's compensation act, the allegations being that the plaintiff was injured in the course of extrahazardous employment for his employer, who, at the time the injuries were received, was in default in the payment, after demand, of premiums due the department, thus allowing suit to be brought under the act direct against the employer, as provided in Rem. 1927 Sup., §7676. The defendant denied that the work was extrahazardous within the meaning of the workmen's compensation act.

Upon the trial without a jury, the court found in favor of the defendant, and entered judgment dismissing the action, from which the plaintiff has appealed.

The pertinent facts are as follows: The appellant was injured on the Atlantic street "A" dock in Seattle, January 13, 1931. His employer, the respondent, was engaged in the business of strapping boxes of fruit for further shipment from the docks and wharves in Seattle and Tacoma during the fruit season from August to January, both inclusive. It maintained no plant or warehouse for its business, only an office, which was not on the dock where appellant was injured.

Upon receiving business, the respondent furnished one or more of its employees to strap the boxes at any of the warehouses or docks in either of the cities mentioned. The work was done on the docks and wharves wherever the fruit was situated, without any pay to the owners of the dock by way of rental, or otherwise, and without any intervention, service or obligation on the part of the owners of the docks and wharves. By "strapping" is meant the securing of a metal band around each end of a box of fruit by means of a hand tool weighing only nine or ten pounds. The strapping

is done to strengthen the box for further shipment or exportation of the fruit. It was this kind of work appellant was engaged in as an employee of the respondent at the time he was injured by the falling of a box of apples.

By Rem. 1927 Sup., § 7674, there are two ways of determining if an employment is extrahazardous: (1) by specific enumeration of the legislature, and (2) by declaration of the director of labor and industries through the division of industrial insurance. In this case, there was no declaration by the director of labor and industries or the department of industrial insurance that the employment in which appellant was engaged was extrahazardous. On the contrary, prior to the date of the accident in question, the respondent, upon its request, was informed by the department of labor and industries that the employment of strapping boxes was not under the workmen's compensation act. As to the other plan—enumeration by the legislature—appellant relies on Laws of 1927, p. 813, § 1; Rem. 1927 Sup., § 7674:

"There is a hazard in all employment, but certain employments have come to be, and to be recognized as being inherently constantly dangerous. This act is intended to apply to all such inherently hazardous works and occupations, and it is the purpose to embrace all of them, which are within the legislative jurisdiction of the state, in the following enumeration, and they are intended to be embraced within the term 'extrahazardous' wherever used in this act, to wit:

"Factories, mills and workshops where machinery is used; printing, electrotyping, photo-engraving and stereotyping plants where machinery is used; foundries, blast furnaces, mines, wells, gasworks, waterworks, reduction-works, breweries, elevators, *wharves, docks,* dredges, smelters, powder-works; . . ."

Counsel speak especially of the words "wharves, docks" in the statute. But the meaning of the statute

with reference to those words is that there is a hazard in all employment, but that certain employments, including wharves and docks, have come to be recognized as being inherently constantly dangerous and, hence, extrahazardous. But the employment in which appellant was engaged at the time he was injured had nothing to do with the running, operation or maintaining of a wharf or dock. He did no work for, nor did he receive any pay from, the owner, lessee, or operator of the dock where his work was being performed at the time he was injured. The obligations and duties of the dock to the shipper of the fruit were the same whether the boxes were strapped or not. Appellant's employment in no way affected those obligations and duties; nor was appellant's employer, the respondent, in any manner engaged in the wharf or dock business within the purview of the statute. Clearly, we think, the appellant was not under the act at the time he was injured.

Judgment affirmed.

TOLMAN, C. J., HERMAN, PARKER, and STEINERT, JJ., concur.